HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICK SATCHER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF WASHINGTON, BILL HILIER, SCOTT BLINKS, JOHN MEYER, MARK MCLANE,<br><br>　　　　　Defendants. | Case No. 3:21-cv-05774-RAJ<br><br>ORDER |

## I.   INTRODUCTION

THIS MATTER is before the Court *sua sponte*. On October 18, 2021, Plaintiff Rick Satcher ("Plaintiff") filed a complaint against Defendants Bill Hilier, Scott Blinks, John Meyer, Mark McLane, and the State of Washington, as well as a motion to proceed *in forma pauperis*. Dkt. 1. The Honorable Brian A. Tsuchida granted the motion to proceed *in forma pauperis* while recommending review under 28 U.S.C. § 1915(e)(2)(B). Dkt. 4. Having reviewed the complaint, the Court **DISMISSES** the complaint.

ORDER – 1

## II.  DISCUSSION

The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C. § 1915.  Upon permitting a plaintiff to proceed *in forma pauperis*, the Court is subject to certain requirements set forth under 28 U.S.C. § 1915(e)(2)(B).  Among these requirements is the Court's duty to dismiss the plaintiff's case if the Court determines that the complaint fails to state a claim upon which relief may be granted: "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners").

"The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) parallels that used when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, No. 14-378-RSM, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129).  Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim.  The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).  The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).  Where a plaintiff proceeds *pro se*, the court must construe the plaintiff's complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

In his complaint, Plaintiff alleges "constitutional violations [including] unlawful detainment and unlawful imprisonment and kidnapping." Dkt. 1-1 at 5.  Plaintiff claims that he was held in solitary confinement for six months until he signed papers to be

ORDER – 2

released under duress. *Id.* at 6.  He asserts that he was found to be "in perfect mental health" after he was held in solitary confinement. *Id.*  In support of his claims, he cites his proceedings in state court, including a personal restraint petition, which was ultimately denied by the Supreme Court of the State of Washington.  Dkt. 1-1 at 6; Dkt. 1-2 at 5, 9-12.

Plaintiff further contends that he was robbed by his attorneys, Bill Hilier and Scott Blinks, who "buried [his] grandfather for two years without reporting [the] death." Dkt. 1-1 at 6.  He claims that Mr. Hilier, Mr. Blinks, and John Meyer "covered up crimes," stopped the investigation of the murder of Jerry More, and used the court "as a gun" against his family's head.  Dkt. 1-2 at 7.  Plaintiff claims that "they took away [his] driver's license" in child support court and put him in jail for six months "to cover up election crimes." *Id.* at 14.  He describes the injury he sustained as "mental anguish due to Wash [sic] State Bar Members being used as a gun against [his] familys [sic] head to cover up crimes they committed [sic]." Dkt. 1-1 at 7.

Despite these allegations, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted.  While Plaintiff makes various allegations of wrongdoing by his former attorneys, he provides no factual allegations to support the claims of constitutional violations he has brought before this Court, namely, unlawful detainment, unlawful imprisonment, and kidnapping.  Moreover, he makes no factual allegations against any state government officials that support any claim of wrongdoing by the State of Washington.  His broad, sweeping allegations of a "court system who is covering up crimes comited [sic] by Wash state Bar members" are factually unsupported and insufficient to state a claim.  Dkt. 1-2 at 15.  Therefore, the Court dismisses the complaint for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

ORDER – 3

### III. CONCLUSION

For the reasons stated above, Plaintiff's complaint is **DISMISSED** without prejudice. Dkt. 1, 5. Plaintiff may file an amended complaint within **twenty-one (21) days** of the Order. If Plaintiff fails to timely comply with this Order by filing an amended complaint that corrects the deficiencies noted above, the Court will dismiss this action prejudice.

DATED this 28th day of December, 2021.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 4